United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA TOLL, ERIC HAGER, MELISSA STARLING, JON ELFORD, MIKE QUESADA, KEITH ROMANO, LEE VERCELES, DAVID STIERS, MARK WAGNER, ENOCH BROWN, TOM NIKLEWSKI, QUINN RANSON, JOHN GOETSCH, JOHN VALENTON, BEN BENNET, and MARK AXWORTHY,<br><br>Plaintiffs,<br><br>v.<br><br>DIGIRAD CORPORATION, DIGIRAD IMAGING SOLUTIONS, INC., DIGIRAD IMAGING SYSTEMS, INC.,<br><br>Defendants.<br>_____/ | Related Actions:<br><br>No. C 06-01217 WHA |
| RICHARD ELIZONDO, MICHELE DRAPER and JOHN HAND,<br><br>Plaintiffs,<br><br>v.<br><br>DIGIRAD CORPORATION, DIGIRAD IMAGING SOLUTIONS, INC., DIGIRAD IMAGING SYSTEMS, INC.,<br><br>Defendants.<br>_____/ | No. C 06-02295 WHA |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND TO STRIKE**

**AND VACATING HEARING**

**INTRODUCTION**

In two related employment-law actions, defendants move to dismiss claims and to strike allegations from plaintiffs' complaints under Federal Rules of Civil Procedure 12(b)(6) and 12(f). Defendants fail to meet their burden for these motions. Defendants' motions are, therefore, **DENIED**.

**STATEMENT**

Defendants Digirad Corporation, Digirad Imaging Solutions, Inc., and Digirad Imaging Systems, Inc. (collectively "Digirad") develop, manufacture and lease solid-state gamma cameras for nuclear-medicine imaging. Plaintiffs in the two related actions are current and former Digirad employees who work or worked as nuclear-medical technicians and cardiographic technicians. Plaintiffs alleged, *inter alia*, that Digirad violated state and federal wage-and-hour laws by failing to provide requisite meal periods, rest breaks, and overtime pay.

On February 17, 2006, the first set of plaintiffs filed a complaint against Digirad. *Toll v. Digirad*, Case No. C 06-01217. On March 30, a second set of plaintiffs filed a virtually identical complaint against Digirad. *Elizondo v. Digirad*, Case No. C 06-02295 WHA. These cases were related so as to be heard by the same judge. The complaints have since been amended.

The operative complaints listed twenty-four claims. They included violations of the Fair Labor Standards Act, the California Labor Code, California Business and Professions Code § 17200, and numerous common-law torts.

**ANALYSIS[1]**

Defendants now bring identical motions in both related actions. Defendants seek to dismiss plaintiffs' fifth and sixth claims relating to meal breaks and rest breaks under the California Labor Code. Defendants also move to strike several allegations from the complaints.

---

[1] As the relevant portions of the complaints for purposes of this motion are identical, "plaintiffs," as used in this section, refers to the plaintiffs in both actions collectively.

2

### 1.     MOTIONS TO DISMISS

A motion to dismiss under FRCP 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).

Defendants argue that plaintiffs' fifth and sixth claims should be dismissed.

*First*, plaintiffs' fifth claim alleged that Digirad violated California Labor Code § 226.7(a) by depriving plaintiffs of adequate "on duty lunch periods." Section 226.7(a) provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission." According to Digirad, this claim regarding lunch periods is redundant of plaintiffs' third claim, which similarly alleged a "failure to provide meal periods" under Section 226.7(a).

The third and fifth claims are not duplicative. While both claims relate to meal periods and to the same statutory provision, they are based are different factual theories. Plaintiffs' third claim is premised on the theory that Digirad deprived plaintiffs of meal periods *entirely*. Plaintiffs' fifth claim, on the other hand, is based on a qualitative theory — that is, that the meal periods, while provided, were inadequate. "A party may plead alternative theories of liability, even if those theories are inconsistent or independently sufficient. Further, a party may allege inconsistent factual allegations." *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).

*Second*, defendants likewise argue that plaintiffs' sixth claim should be dismissed as duplicative of their fourth claim. In their sixth claim, plaintiffs alleged that Digirad deprived them "on duty rest periods" in contravention of Section 226.7(a), *supra*. Digirad maintains this is redundant of claim four, which also alleged violations of the Labor Code for deprivation of rest periods.

Again, these claims are distinct. Plaintiffs' fourth and sixth claims seek different *remedies*. The fourth claim seeks restitution that purportedly should have been paid to plaintiffs for working during the rest periods — essentially a penalty-payment claim. The sixth claim, in

3

contrast, requests *overtime* pay allegedly warranted by plaintiffs working more than required in virtue of working through the rest periods — a repayment of lost-wages claim. *Neighbors of Cuddy Mountain v. Alexander*, 303 F.3d 1059, 1070 (9th Cir. 2002) (holding that striking separate legal theories as redundant was abuse of discretion).

### 2. MOTIONS TO STRIKE.

Pursuant to a motion under FRCP 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f) is a vehicle by which to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Motions to strike are viewed negatively because of the limited import of the pleadings under the Federal Rules. Accordingly, "motions to strike should not be granted unless it is clear that the matter to be stricken *could have no possible bearing* on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (emphasis added) (citations omitted).

Defendants identify six allegations that should be stricken from the complaints. Defendants have not satisfied the high burden to show that these matters have "no possible bearing" on this litigation.[2]

*First*, defendants seek to strike plaintiffs' requested remedies for missed meal and periods. The complaints contended that plaintiffs are entitled to "one additional hour of premium pay for each missed rest period" (Toll Compl. ¶ 211; Elizondo Compl. ¶ 109). Defendants argue that, in contrast, the California Labor Code only imposes a "penalty" *per day* for missed meal and rest periods, not *per period,* relying on *Corder v. Houston's Rests., Inc.*, 424 F. Supp. 2d 1205, 1207 n. 2 (C.D. Cal. 2006). The *Corder* opinion noted that "the plain wording of the statute is clear that an employer is liable per work day, rather than per break not provided."

---

[2] For clarity of analysis, the issues are considered in a different order than presented in defendants' motions.

This issue depends, as much of defendants' motion to strike does, on the question of whether the California Labor Code provides "wages" or "penalties" for an employer's violation of the wage and rest provisions. *Corder*, *supra*, interpreted the Code as providing penalties, relying on *Mills v. Super. Ct.*, 135 Cal. App. 4th 1547 (2006). *Mills*, however, is no longer good law. The California Supreme Court has granted a petition to review the wage-versus-penalty question. *See Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. Rptr. 3d 750 (2006); *Mills v. Super. Ct.*, 42 Cal. Rptr. 3d 415;. Until the California Supreme Court resolves this issue, it is unclear what relief is available to a plaintiff alleging a violation of the wage and rest periods of California Labor Code § 226.7(a).

Defendants *admit* "[w]hether the payment due for missed meal and rest periods constitutes a wage or a penalty is currently a vigorously contested area of wage and hour law" (Br. 7). A motion to strike is not the proper mechanism to resolve this contested issue of state law. It may ultimately be that defendants are correct in their view of the available relief. No "expenditure of time and money" is avoided, however, by postulating as to the California Supreme Court's ultimate determination. *Sidney-Vinstein*, 697 F.2d at 885.

*Second*, defendants move to strike plaintiffs' eighth claim, which seeks "waiting-time pay" under California Labor Code § 203. Section 203 provides:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced.

In their complaints, plaintiffs alleged that they are entitled to waiting-time pay because defendants purportedly withheld payments for the meal and rest periods.

This question again turns on the legal issue currently pending before the California Supreme Court in *Murphy* and *Mills*, as to whether the payment for meal and rest periods constitute wages or penalties. For the reasons stated above, this order will not predict an answer to this complex question of state law on a motion to strike.

*Third*, defendants also ask the Court to undertake the wage-versus-penalty dispute with respect to plaintiffs' claims under California Business and Professions Code § 17200.

5

1  Plaintiffs' claims under Section 17200 are based on their allegations of Digirad's violations of
2  the California Labor Code.  Under defendants' theory that the Labor Code provides for
3  penalties not wages, defendants move to strike plaintiffs' remedial requests under Section
4  17200.  Again, FRCP 12(f) is not the proper mechanism to rule out the possibility that
5  plaintiffs' theory may prevail before the California Supreme Court.

6  *Fourth*, defendants seek to strike plaintiffs' request for an additional half hour of pay for
7  each missed meal period.  This argument essentially repeats the argument made in defendants'
8  motions to dismiss.  Defendants contend that plaintiffs should only be able to seek a per-day
9  penalty for missing the meal period, not a payment for a diminished quality of meal period.
10 Plaintiffs may be able to succeed on this alternative theory, thus striking this allegation is not
11 warranted.

12 *Fifth*, defendants also repeat their dismissal argument that plaintiffs are not entitled to
13 both a penalty for missed rest periods and a payment of overtime wages for working through the
14 rest period.  As explained above, it is inappropriate to strike allegations that simply state
15 alternative legal theories.  *Neighbors of Cuddy Mountain*, 303 F.3d at 1070.

16 *Sixth*, defendants seek to strike plaintiffs' request for punitive damages.  According to
17 defendants, punitive damages are not available under the FLSA, under the California Labor
18 Code, or under California Business and Professions Code § 17200.  Defendants argument
19 ignores the fact that plaintiffs also pled numerous non-statutory tort claims, including unjust
20 enrichment, conversion, wrongful termination, intentional infliction of emotional distress, and
21 fraud.  There is no question that punitive damages are available under these state-law claims.

**CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss and to strike are **DENIED**. Finding no further argument necessary, hearing on these motions is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 17, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE